IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-457-FL

| | | |
|---|---|---|
| LYNWOOD EARL ARTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE CITY OF RALEIGH; Officer JAMES D. | ) | **ANSWER OF** |
| ROLLINS of the Raleigh Police Department, | ) | **CITY OF RALEIGH** |
| in his individual capacity; SHERIFF DONNIE | ) | |
| HARRISON; JOHN DOES 1-4; Wake County | ) | |
| Sheriff's Deputies and/or Jailers in the | ) | |
| individual capacities; THE OHIO | ) | |
| CASUALTY INSURANCE COMPANY, as | ) | |
| surety; and WAKE COUNTY; | ) | |
| | ) | |
| Defendants | ) | |

NOW COMES, the City of Raleigh (hereinafter, the "City"), by and through undersigned counsel and responding to the numbered allegations of Plaintiff's Verified Complaint, alleges and says:

FIRST DEFENSE

1.     These allegations constitute legal conclusions or prayers for relief to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

2.     These allegations constitute legal conclusions to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

3.      These allegations constitute legal conclusions or prayers for relief to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

1

4.     These allegations constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

5.     These allegations constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

6.     It is admitted upon information and belief that Plaintiff is homeless. Except as admitted herein, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations and therefore denies them.

7.     Admitted.

8.     It is admitted that, at all times relevant to this action, Officer James D. Rollins (hereinafter, "Officer Rollins") was mentally competent, more than eighteen years of age, not in military service, *sui juris,* and a citizen and resident of North Carolina. It is further admitted that Officer Rollins was employed by the City as an officer of the Raleigh Police Department (hereinafter, the "RPD"). The remaining allegations set forth in paragraph 8 constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

9.     These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. It is admitted that Sheriff Donnie Harrison is the duly elected Sheriff of Wake County and has those duties prescribed by law. Except as admitted herein, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations.

10.     These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations.

11.     These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations.  Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations.

12.     These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations.  It is admitted that Wake County ("Wake County") is a body politic and corporate existing under and existing by virtue of Chapter 153A of the North Carolina General Statutes.  Except as admitted herein, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations.

13.     Admitted, upon information and belief.

14.     The City incorporates by reference its responses set forth in the preceding paragraphs as though fully set forth herein.

15.     These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations.  Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations.

16.     These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations.  Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations.

17.     These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations.  Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations.

18.     It is admitted that at all times relevant herein, the City purchased liability insurance providing certain coverage for certain claims in excess of one million dollars ($1,000,000.00) and with a limit of liability of ten million dollars ($10,000,000.00).  For all

claims under one million dollars ($1,000,000.00), the City was and remains wholly self-insured and has not waived its immunity through the purchase of insurance. For all claims falling within the City's one million dollar ($1,000,000.00) self-insured retention, the City waives its governmental immunity only pursuant to the *Waiver of Immunity Interim Guidelines* attached hereto as Exhibit A and incorporated herein by reference. It is expressly denied that the City and any of its agents, employees and officers waived any sovereign or governmental immunity barring any of Plaintiff's claims. Except as admitted herein, these allegations are denied.

19.    These allegations constitute legal conclusions or prayers for relief to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

20.    The City incorporates by reference its responses set forth in the preceding paragraphs as though fully set forth herein.

21.    The City lacks information sufficient to form a belief as to the truth or falsity of these allegations. Therefore these allegations are denied.

22.    The City lacks information sufficient to form a belief as to the truth or falsity of these allegations. Therefore these allegations are denied.

23.    The City lacks information sufficient to form a belief as to the truth or falsity of these allegations. Therefore these allegations are denied.

24.    It is admitted upon information and belief that Officer Rollins observed Plaintiff walking on a public sidewalk near the intersection of Tucker Street and Glenwood Avenue in Raleigh, North Carolina while in possession of an open container of malt beverage (hereinafter, the "Beer" or "Beer Can" or "Can of Beer"). Upon information and belief, when Officer Rollins approached Plaintiff, he recognized that Plaintiff had been consuming alcohol and was

4

intoxicated. Upon information and belief, when Officer Rollins began interacting with Plaintiff, Plaintiff became angry, uncooperative, loud, profane, and confrontational. Upon information and belief, Plaintiff denied that the Beer belonged to him despite the fact that Officer Rollins had observed Plaintiff carrying the Beer. Except as admitted herein, these allegations are denied.

25.     It is admitted that a number of restaurants and bars are located in the Glenwood-South area of Raleigh, North Carolina. Except as admitted herein, these allegations are denied.

26.     It is admitted upon information and belief that Plaintiff denied that the Beer belonged to him despite the fact that Officer Rollins had observed Plaintiff carrying the Beer. Except as admitted herein, these allegations are denied.

27.     Denied upon information and belief.

28.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations. Therefore these allegations are denied.

29.     It is admitted upon information and belief that Plaintiff denied that the Beer belonged to him despite the fact that Officer Rollins had observed Plaintiff carrying the Beer. Except as admitted herein, these allegations are denied.

30.     Denied upon information and belief.

31.     Denied upon information and belief.

32.     Denied upon information and belief.

33.     Denied upon information and belief.

34.     Denied upon information and belief.

35.     Denied upon information and belief.

36.     Denied upon information and belief.

5

37.     These allegations constitute legal conclusions or prayers for relief to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

38.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations. Therefore these allegations are denied.

39.     It is admitted upon information and belief that upon approaching Plaintiff, Officer Rollins recognized that Plaintiff had been consuming alcohol in public and was intoxicated. Upon information and belief, when Officer Rollins began interacting with Plaintiff, Plaintiff became angry, uncooperative, loud, profane, and confrontational. Upon information and belief, Officer Rollins developed probable cause to arrest Plaintiff and notified Plaintiff that he was being placed under arrest. Upon information and belief, when Officer Rollins attempted to place Plaintiff under arrest, Plaintiff physically resisted and escalated his loud and profane verbal tirade. Upon information and belief, in order to overcome Plaintiff's unlawful physical resistance and to effect Plaintiff's arrest, minimal and reasonable force was used in a manner consistent with all applicable law enforcement standards, federal law, and state law. Except as admitted herein, these allegations are denied.

40.     It is admitted upon information and belief that when Officer Rollins began interacting with Plaintiff, Plaintiff became angry, uncooperative, loud, profane, and confrontational. Upon information and belief, when Officer Rollins attempted to place Plaintiff under arrest, Plaintiff physically resisted and escalated his loud and profane verbal tirade. Upon information and belief, in order to overcome Plaintiff's unlawful physical resistance and to effect Plaintiff's arrest, minimal and reasonable force was used in a manner consistent with all applicable law enforcement standards, federal law, and state law. Upon information and belief,

6

in order to overcome Plaintiff's unlawful physical resistance and to effect Plaintiff's arrest, it was necessary to use minimal and reasonable force to cause Plaintiff to lose his balance and lower him to the ground. Except as admitted herein, these allegations are denied.

41.     Denied upon information and belief.

42.     Denied upon information and belief.

43.     It is admitted upon information and belief that while Plaintiff was on the ground, Plaintiff continued to physically resist any efforts to place him in handcuffs. Upon information and belief, Plaintiff's unlawful physical resistance was overcome using minimal and reasonable force consistent with all applicable law enforcement standards, federal law, and state law. Except as admitted herein, these allegations are denied.

44.     It is admitted upon information and belief that after minimal and reasonable force was used to overcome Plaintiff's unlawful physical resistance, Plaintiff was on the ground with his wrists handcuffed behind his back. Except as admitted herein, these allegations are denied.

45.     Denied upon information and belief.

46.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations. Therefore these allegations are denied.

47.     It is admitted that Plaintiff was ordered to stand in order to enter a Raleigh Police Department vehicle for transportation to the Wake County Public Safety Center. Except as admitted herein, these allegations are denied.

48.     Denied upon information and belief.

49.     Denied upon information and belief.

50.     It is admitted that Plaintiff's uncooperative and combative conduct continued, and that Plaintiff's unlawful physical resistance was overcome using minimal and reasonable force

consistent with all applicable law enforcement standards, federal law, and state law.  Except as admitted herein, these allegations are denied.

51.     Denied upon information and belief.

52.     It is admitted that Plaintiff stood by the Raleigh Police Department vehicle refusing to enter the vehicle, and that Plaintiff's unlawful physical resistance was overcome using minimal and reasonable force consistent with all applicable law enforcement standards, federal law, and state law.  Except as admitted herein, these allegations are denied.

53.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  Therefore these allegations are denied.

54.     Admitted, upon information and belief.

55.     It is admitted upon information and belief that Plaintiff appeared before a Wake County magistrate, and that Plaintiff's outrageous conduct resulted in the magistrate holding Plaintiff in contempt.  It is denied that any RPD officer heckled Plaintiff on September 11, 2010 at approximately 10:10 p.m.  The City lacks information sufficient to form a belief as to the truth or falsity of the remainder of these allegations.  Therefore except as expressly admitted or denied herein, these allegations are denied.

56.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  Therefore these allegations are denied.

57.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  Therefore these allegations are denied.

58.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  Therefore these allegations are denied.

59.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  Therefore these allegations are denied.

60.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  Therefore these allegations are denied.

61.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  Therefore these allegations are denied.

62.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  Therefore these allegations are denied.

63.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  Therefore these allegations are denied.

64.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  Therefore these allegations are denied.

65.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  Therefore these allegations are denied.

66.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  Therefore these allegations are denied.

67.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  Therefore these allegations are denied.

68.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  Therefore these allegations are denied.

69.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  Therefore these allegations are denied.

70.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  Therefore these allegations are denied.

71.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  Therefore these allegations are denied.

72.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  Therefore these allegations are denied.

73.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  Therefore these allegations are denied.

74.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  Therefore these allegations are denied.

75.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  Therefore these allegations are denied.

76.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  Therefore these allegations are denied.

77.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  Therefore these allegations are denied.

78.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  Therefore these allegations are denied.

79.     Denied upon information and belief.

80.     It is admitted that the termination of any Wake County criminal proceedings against Plaintiff are a matter of public record and that any pleadings associated with such proceedings speak for themselves.  Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  Therefore these allegations are denied.

81.     It is admitted that Officer Rollins was an employee of the City at all times relevant herein.  Except as admitted herein, these allegations constitute legal conclusions to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

82.     The City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  Therefore these allegations are denied.

83.     Denied.

84.     These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations.  Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  Therefore, these allegations are denied.

85.     These allegations constitute legal conclusions to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

86.     These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations.  Further, these allegations constitute legal conclusions to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

87.     The City incorporates by reference its responses set forth in the preceding paragraphs as though fully set forth herein.

88.     Denied.

89.     It is admitted upon information and belief that Officer Rollins arrested Plaintiff based on probable cause.  Except as admitted herein, these allegations are denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     The City incorporates by reference its responses set forth in the preceding paragraphs as though fully set forth herein.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    The City incorporates by reference its responses set forth in the preceding paragraphs as though fully set forth herein.

107.    It is admitted upon information and belief that Officer Rollins arrested Plaintiff based on probable cause. It is further admitted that Officer Rollins used the minimal amount of force reasonably necessary to overcome Plaintiff's unlawful physical resistance and to accomplish Plaintiff's arrest. Except as admitted herein, these allegations are denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    The City incorporates by reference its responses set forth in the preceding paragraphs as though fully set forth herein.

115.    It is admitted upon information and belief that Officer Rollins arrested Plaintiff based on probable cause.  The City lacks information sufficient to form a belief as to the truth or falsity of the remainder of these allegations.  Therefore except as admitted herein, these allegations are denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    It is admitted upon information and belief that Officer Rollins arrested Plaintiff based on probable cause.  It is further admitted upon information and belief that none of the criminal charges against Plaintiff as a result of his conduct on September 11, 2010 resulted in convictions.  Except as admitted herein, these allegations are denied.

120.    These allegations constitute legal conclusions to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

121.    Denied.

122.    Denied.

123.    The City incorporates by reference its responses set forth in the preceding paragraphs as though fully set forth herein.

124. These allegations, including subparts (a) through (d) are denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. The City incorporates by reference its responses set forth in the preceding paragraphs as though fully set forth herein.

130. These allegations constitute legal conclusions or prayers for relief to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

131. Denied.

132. It is admitted upon information and belief that Officer Rollins arrested Plaintiff based on probable cause. Except as admitted herein, these allegations are denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. The City incorporates by reference its responses set forth in the preceding paragraphs as though fully set forth herein.

141. These allegations constitute legal conclusions or prayers for relief to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. The City incorporates by reference its responses set forth in the preceding paragraphs as though fully set forth herein.

150. These allegations constitute legal conclusions or prayers for relief to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

151. These allegations constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

152. These allegations constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

153. Denied.

154. Denied.

155. Denied.

156.    The City incorporates by reference its responses set forth in the preceding paragraphs as though fully set forth herein.

157.    These allegations constitute legal conclusions or prayers for relief to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

162.    It is admitted upon information and belief that Officer Rollins arrested Plaintiff based on probable cause.  It is further admitted upon information and belief that none of the criminal charges against Plaintiff as a result of his conduct on September 11, 2010 resulted in convictions.  Except as admitted herein, these allegations are denied.

163.    These allegations constitute legal conclusions to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

164.    Denied.

165.    Denied.

166.    The City incorporates by reference its responses set forth in the preceding paragraphs as though fully set forth herein.

167.    These allegations constitute legal conclusions or prayers for relief to which no responsive pleading is required.  To the extent that a response is required, these allegations are denied.

168. These allegations constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

169. Denied.

170. Denied.

171. Denied.

172. Denied.

173. The City incorporates by reference its responses set forth in the preceding paragraphs as though fully set forth herein.

174. These allegations constitute legal conclusions or prayers for relief to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

175. These allegations constitute legal conclusions to which no responsive pleading is required. To the extent that a response is required, these allegations are denied.

176. Denied.

177. Denied.

178. The City incorporates by reference its responses set forth in the preceding paragraphs as though fully set forth herein.

179. Denied.

180. Denied.

181. Denied.

182. The City incorporates by reference its responses set forth in the preceding paragraphs as though fully set forth herein.

183.    It is admitted upon information and belief that Officer Rollins arrested Plaintiff based on probable cause.  It is further admitted upon information and belief that Plaintiff was taken into custody and transported to the Wake County Public Safety Center where he was tendered into the custody of jail officers and staff.  Except as admitted herein, these allegations are denied.

184.    These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations.  Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  To the extent that a response is required, these allegations are denied.

185.    These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations.  Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  To the extent that a response is required, these allegations are denied.

186.    These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations.  Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  To the extent that a response is required, these allegations are denied.

187.    These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations.  Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations.  To the extent that a response is required, these allegations are denied.

188.    These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations.  Further, the City lacks information sufficient to form a

18

belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

189. The City incorporates by reference its responses set forth in the preceding paragraphs as though fully set forth herein.

190. These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

191. These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

192. These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

193. These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

194. These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a

belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

195. These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

196. The City incorporates by reference its responses set forth in the preceding paragraphs as though fully set forth herein.

197. These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

198. These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

199. These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

200. These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a

belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

201.    These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

202.    The City incorporates by reference its responses set forth in the preceding paragraphs as though fully set forth herein.

203.    These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

204.    These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

205.    These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

206.    These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a

belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

207. These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

208. These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

209. The City incorporates by reference its responses set forth in the preceding paragraphs as though fully set forth herein.

210. Denied.

211. Denied.

212. Denied.

213. Denied.

214. Denied.

215. Denied.

216. The City lacks information sufficient to form a belief as to the truth or falsity of these allegations. Therefore, these allegations are denied.

217. Denied.

218. The City incorporates by reference its responses set forth in the preceding paragraphs as though fully set forth herein.

219. These allegations, including subparts (i) through (x) are denied.

220. Denied.

221. Denied.

222. The City lacks information sufficient to form a belief as to the truth or falsity of these allegations. Therefore, these allegations are denied.

223. Denied.

224. The City incorporates by reference its responses set forth in the preceding paragraphs as though fully set forth herein.

225. These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

226. These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

227. These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

228. These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a

belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

229. These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

230. These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

231. These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

232. These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

233. The City incorporates by reference its responses set forth in the preceding paragraphs as though fully set forth herein.

234. These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a

belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

235. These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

236. These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

237. These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

238. These allegations are not addressed to the City, and the City has no duty to offer a responsive pleading to these allegations. Further, the City lacks information sufficient to form a belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

239. The City incorporates by reference its responses set forth in the preceding paragraphs as though fully set forth herein.

240. Denied.

241. Denied.

242. Denied.

243. Denied.

## SECOND DEFENSE

As a further affirmative defense, to the extent that the Complaint contains common law tort claims against the City, the City is a municipal corporation which was, at all times relevant herein, performing law enforcement services, a governmental function. The City and its law enforcement officers, in their official capacity, are protected by governmental immunity in the performance of governmental functions, and this immunity has not been waived. Therefore, governmental immunity is pled in bar of any recovery in this action.

## THIRD DEFENSE

As a further affirmative defense, to the extent that the Complaint contains federal claims against the City arising in connection with the City's performance of law enforcement functions, at all times relevant herein, Officer Rollins acted in an objectively reasonable manner and did not violate any of Plaintiff's clearly established statutory or constitutional rights. Qualified immunity bars Plaintiff's federal claims against Officer Rollins. As Plaintiff's federal claims are barred against Officer Rollins, Plaintiff's claims against the City of Raleigh arising from Officer Rollins' conduct are likewise barred.

## FOURTH DEFENSE

As a further affirmative defense, to the extent that the Complaint contains federal or common law claims against the City arising in connection with the City's performance of law enforcement functions, the City and supervisory employees of the City of Raleigh's Police Department have (1) implemented policies concerning arrest and use of force; (2) conducted appropriate training of all of its police officers; (3) and appropriately investigated claims of false

arrest and excessive uses of force by its police officers. These policies, customs, and training comport with the United States Constitution and are pled in bar of any recovery in this action.

## FIFTH DEFENSE

As a further affirmative defense, to the extent that the Complaint contains federal or common law claims against the City arising in connection with the City's performance of law enforcement functions, no act or actionable omission by the City was a proximate cause of any of the alleged violations or damages Plaintiffs seek to recover.

## SIXTH DEFENSE

As a further affirmative defense, to the extent that the Complaint contains claims against the City under the North Carolina Constitution, adequate State remedies exist for the matters described in the Complaint. Therefore, Plaintiff's claims under the North Carolina Constitution are barred as a matter of law.

## SEVENTH DEFENSE

As a further affirmative defense, to the extent that the Complaint contains common law claims against the City arising in connection with the City's performance of law enforcement functions and to the extent that the City or any of its employees, acting within the course and scope of their employment with the City, were negligent or grossly negligent, and such negligence was the proximate cause of any injury to Plaintiff, which is specifically denied, then the Plaintiff by his own negligence and gross negligence contributed to the injuries and damages described in the Complaint in the following particulars:

    a.    The Plaintiff deliberately and intentionally engaged in criminal conduct in the presence of one or more law enforcement officers;

    b.    The Plaintiff deliberately and intentionally refused to comply with the reasonable and lawful commands of one or more law enforcement officers when compliance would have avoided the need to arrest Plaintiff or use force to effect the arrest;

27

c.      The Plaintiff refused to submit to a lawful arrest;

d.      The Plaintiff unlawfully resisted, delayed, and obstructed one or more law enforcement officers in the performance of their duties;

e.      The Plaintiff deliberately and intentionally engaged in verbal and physical conduct of an unreasonable, aggressive, confrontational, and uncooperative nature which necessitated the use of reasonable force to overcome Plaintiff's resistance and to effect Plaintiff's arrest;

f.      The Plaintiff's unreasonable, aggressive, confrontational, and uncooperative conduct necessitated escalation in the use of force to effect the arrest; and

g.      The Plaintiff was negligent and/or grossly negligent in other ways that will be shown through discovery and at trial.

Plaintiff's own negligence and/or gross negligence proximately caused and contributed to the damages or losses that Plaintiff seeks from the City and is specifically pled in bar of any right to recover in this action.

EIGHTH DEFENSE

As a further affirmative defense, to the extent that the Complaint contains federal or common law claims against the City arising in connection with the City's performance of law enforcement functions, and to the extent that Plaintiff suffered physical, emotional, mental, or psychological injury during the events alleged in the Complaint, which is specifically denied, Plaintiff suffers from pre-existing conditions or impairments which are unique to him and cause him to have greater susceptibility to injury than any reasonable person could have foreseen. Neither the City nor any individual employed by the City had knowledge of or could have reasonably foreseen Plaintiff's peculiar susceptibility for injury, and no law enforcement officer employed by the City engaged in any conduct which would have caused injury to a person of ordinary susceptibility. Therefore, Plaintiff's unforeseeable peculiar susceptibility is pled in bar of any recovery in this action.

28

## NINTH DEFENSE

As a further affirmative defense, to the extent that the Complaint contains federal claims against the City arising in connection with the City's performance of law enforcement functions, no persistent and widespread policy or custom of the City caused or resulted in a deprivation or violation of Plaintiff's Constitutional rights. Therefore, the City has no liability to Plaintiff in this action.

## TENTH DEFENSE

As a further affirmative defense, to the extent that the Complaint contains common law claims against the City arising in connection with the City's performance of law enforcement functions, at all times relevant herein, Officer Rollins acted within the course and scope of his employment as a sworn law enforcement officer without malice or corruption. Public Official's Immunity bars Plaintiff's common law claims against Officer Rollins. As Plaintiff's common law claims are barred against Officer Rollins, Plaintiff's claims against the City of Raleigh arising from Officer Rollins' conduct are likewise barred.

## ELEVENTH DEFENSE

As a further affirmative defense, to the extent that the Complaint contains federal or common law claims against the City arising in connection with the City's performance of law enforcement functions, Plaintiff's claims are barred by Plaintiff's unclean hands.

## TWELFTH DEFENSE

As a further affirmative defense, to the extent that the Complaint contains federal or common law claims against the City arising in connection with the City's performance of law enforcement functions, to the extent that the City or any of its employees, acting within the course and scope of their employment with the City, were negligent, and such negligence was

the proximate cause of any injury to Plaintiff, which is specifically denied, the Plaintiff has failed to mitigate his damages, and such failure to mitigate damages is pled in bar of any recovery in this action.

THIRTEENTH DEFENSE

As a further affirmative defense, to the extent that the Complaint contains federal or common law claims against the City arising in connection with the City's performance of law enforcement functions and to the extent that Plaintiff seeks to recover punitive damages from the City, no statutory basis exists to support an award of punitive damages against the City arising out of negligence or constitutional claims.

FOURTEENTH DEFENSE

As a further affirmative defense, to the extent that the Complaint contains federal or common law claims against the City arising in connection with the City's performance of law enforcement functions and to the extent that Plaintiff seeks to recover punitive damages from the City of Raleigh, such claims violate the Constitution of the United States in that they seek to deprive the City of property without due process of law, violate the Constitution's provisions concerning equal protection, and violate the Constitution's prohibition against the imposition of excessive fines.

FIFTEENTH DEFENSE

As a further affirmative defense, to the extent that the Complaint contains federal or common law claims against the City arising in connection with the City's performance of law enforcement functions and to the extent that Plaintiff seeks to recover punitive damages from the City, any such claim for punitive damages is barred or limited by Chapter 1D of the North Carolina General Statutes and by common law principles.

SIXTEENTH DEFENSE

As a further affirmative defense, to the extent that the Complaint contains federal or common law claims against the City arising in connection with the City's performance of law enforcement functions and to the extent that any individual defendant was, at the time of the incident(s) described in the Complaint, acting within the course and scope of his employment with the City, such defendant's conduct was objectively reasonable and did not violate any clearly established rights of the Plaintiff. Such defendant(s) objectively reasonable conduct is pled in bar of any recovery in this action.

JURY DEMAND

Pursuant to North Carolina General Statutes § 160A-485(d), the City of Raleigh does not request a trial by jury on issues related to insurance or governmental immunity. The City does, however, request a trial by jury on all other issues of fact so triable herein.

WHEREFORE, having responded to the allegations of Plaintiff's Complaint, the City of Raleigh respectfully requests that:

1.      Plaintiff's prayer for relief be denied in its entirety;

2.      Plaintiff have and recover nothing of the City of Raleigh;

3.      The costs of this action, including reasonable attorney's fees, be taxed against the Plaintiff; and

4.      For such other and further relief as this Court deems just and proper.

This the 31st day of October, 2011.

CITY OF RALEIGH
Thomas A. McCormick
City Attorney

By:    /s/  Hunt K. Choi
        HUNT K. CHOI
        Deputy City Attorney
        NC State Bar No. 24172
        Post Office Box 590
        Raleigh, North Carolina 27602
        Telephone:  (919) 831-6560
        Facsimile:  (919) 857-4453
        Email:  hunt.choi@ci.raleigh.nc.us
        ATTORNEYS FOR CITY OF RALEIGH
        LR 83.1 Counsel

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned has this day served the attached document on all of the parties to this action by depositing a copy hereof, postage prepaid, in the United States Mail, addressed to the parties or attorney for each party as follows:

Gregory M. Kash, Esq.
434 Fayetteville St., Ste. 2350
Raleigh, NC 27601
Fax: 919-861-0504
Email: *gregkash@mindspring.com*
*Counsel for Plaintiff*

Eric Laurence Doggett, Esq.
434 Fayetteville St., Ste. 2350
Raleigh, NC 27601-1787
Fax: 919-861-0170
Email: *eldoggett@gmail.com*
*Counsel for Plaintiff*

Roger A. Askew, Esq.
P. O. Box 550
Raleigh, NC 27602
Fax: 919-856-5504
Email: *roger.askew@wakegov.com*
*Counsel for defendant Wake County*

J. Nicholas Ellis, Esq.
PO Box 353
Rocky Mount, NC 27802
Fax: 972-7045
Email: *jnellis@poyners.com*
*Counsel for defendants Harrison, Ohio Casualty, and John Does 1-4*

John A. Maxfield, Esq.
PO Box 550
Raleigh, NC 27602
Email: *jmaxfield@co.wake.nc.us*
*Counsel for defendant Harrison*

Patricia L. Holland, Esq.
Paul S. Holscher
1400 Crescent Green, Ste. 215
Cary, NC 27518
Fax: 919-854-0908
Email: *Patricia.Holland@jacksonlewis.com*
Email: *paul.holscher@jacksonlewis.com*
*Counsel for defendant Rollins*

This the 31st day of October, 2011.

**CITY OF RALEIGH**
**Thomas A. McCormick**
**City Attorney**

By:   <u>/s/  Hunt K. Choi</u>
       HUNT K. CHOI
       Deputy City Attorney
       NC State Bar No. 24172
       Post Office Box 590
       Raleigh, North Carolina 27602
       Telephone:  (919) 831-6560
       Facsimile:  (919) 857-4453
       Email:  hunt.choi@ci.raleigh.nc.us
       ATTORNEYS FOR CITY OF RALEIGH
       LR 83.1 Counsel

**AUTOMOBILE DAMAGE CLAIMS WAIVER OF SOVEREIGN IMMUNITY GUIDELINES ADOPTED**

Chairperson Shanahan reported the Law and Public Safety Committee recommends that the Council adopt the following interim policy guidelines on the waiver of sovereign immunity only for those claims or judgments in the range of one cent to one million dollars.

**WAIVER OF IMMUNITY**
**INTERIM GUIDELINES**

Prior to enactment of final guidelines, the City adopts the following interim policy on the waiver of immunity for claims or judgments in the range of $.01 to $1,000,000:

1. The City will waive sovereign immunity and waive immunity for public officials acting in their official capacity only and only to the extent set forth herein.

2. This policy applies only to claims that arose on or after January 1, 1998.

3. This policy is intended only to waive the City's immunity in the limited circumstances described herein. This policy is not intended to alter or expand the City's liability, to limit available defenses, to waive immunity from certain types of damages, or to affect any principle of law other than waiver of sovereign immunity and immunity for public officials acting in their official capacities.

4. The City will waive immunity only for those claims proximately caused by the wrongdoing or negligence of the City or its employee. The City will not waive immunity in any instance in which an affirmative defense exists that would preclude recovery.

5. If a claimant or plaintiff agrees to execute a release of all claims against all persons, firms, and corporations on account of the incident giving rise to the claim, the City will pay the following damages if proven to be proximately caused by the incident:

A. All property damage;
B. Medical expenses;
C. Chiropractic expenses or physical therapy expenses for no more than three consecutive months during any calendar year;
D. Lost wages for time authorized out of work by physicians licensed to practice medicine in North Carolina;
E. Out of pocket expenses, but no attorney's fees.

The City will not waive immunity for claims or damages for pain and suffering or for any other element of damage not listed above.

Mr. Shanahan moved the recommendation be upheld. His motion was seconded by Mr. Thompson and put to a vote which passed unanimously. The Mayor ruled the motion adopted.

**EXHIBIT A**

Case 5:11-cv-00457-FL Document 28 Filed 10/31/11 Page 34 of 34