# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

### CIVIL ACTION NO. 5:11-CV-00457-FL

| | | |
|---|---|---|
| LYNWOOD EARL ARTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE CITY OF RALEIGH; Officer JAMES | ) | **ANSWER OF DEFENDANT JAMES D.** |
| D. ROLLINS of the Raleigh Police | ) | **ROLLINS TO PLAINTIFF'S SECOND** |
| Department in his individual capacity; | ) | **AMENDED COMPLAINT** |
| SHERIFF DONNIE HARRISON; EDWARD | ) | |
| CARTER and JOSEPH SNELLING, Wake | ) | |
| County Sheriff's Deputies, Officers and/or | ) | |
| Jailers in their individual capacities; THE | ) | |
| OHIO CASUALTY INSURANCE | ) | |
| COMPANY, as surety; and WAKE | ) | |
| COUNTY; | ) | |
| | ) | |
| Defendants. | | |

NOW COMES the Defendant James D. Rollins (hereinafter "Rollins" or "Defendant"),

by and through his undersigned counsel, and responds to the allegations contained in Plaintiff's

Second Amended Complaint (hereinafter "Complaint") as follows:

### FIRST DEFENSE

Defendant Rollins hereby responds to the specifically numbered allegations contained in

Plaintiff's Second Amended Complaint as follows:

### NATURE OF THE CASE

1.      It is admitted that Plaintiff contends that he is asserting claims for compensatory

and punitive damages and other relief arising under 42 U.S.C. §§ 1983 and 1988, the First

Fourth, and Fourteenth Amendments to the United States Constitution, and North Carolina's

Constitution and laws.  It is expressly denied that Plaintiff is entitled to relief of any sort from

Defendant Rollins. The remaining allegations contained in Paragraph 1 of the Complaint constitute conclusions of law to which no response is required. Except as expressly admitted, the allegations contained in Paragraph 1 of the Complaint are denied.

## JURISDICTION AND VENUE

2.      The allegations contained in Paragraph 2 of the Complaint constitute legal conclusions to which no response is required of this answering Defendant. To the extent that a response is deemed required, the allegations are denied.

3.      The allegations contained in Paragraph 3 of the Complaint constitute legal conclusions to which no response is required of this answering Defendant. To the extent that a response is deemed required, the allegations are denied.

4.      The allegations contained in Paragraph 4 of the Complaint constitute legal conclusions to which no response is required of this answering Defendant. To the extent that a response is deemed required, the allegations are denied.

5.      The allegations contained in Paragraph 5 of the Complaint constitute legal conclusions to which no response is required of this answering Defendant. To the extent that a response is deemed required, the allegations are denied.

## PARTIES

6.      It is admitted upon information and belief that Plaintiff is homeless. Except as admitted herein, the Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

7.      The allegations contained in Paragraph 7 of the Complaint are admitted upon information and belief.

8.      It is admitted that Defendant Rollins is more than 18-years-old, is mentally competent, not in military service, and is a citizen and resident of North Carolina.  It is also admitted that Plaintiff purports to sue Defendant Rollins in his individual capacity, but it is denied that Defendant Rollins is liable to Plaintiff in any capacity.  The remaining allegations contained in Paragraph 8 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, the allegations contained in Paragraph 8 of the Complaint not expressly admitted are denied.

9.      It is admitted upon information and belief that Sheriff Donnie Harrison is more than 18-years-old, is a citizen and resident of North Carolina, and is the Sheriff of Wake County. The remaining allegations contained in Paragraph 9 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, the allegations contained in Paragraph 9 of the Complaint are denied.

10.     The allegations contained in Paragraph 10 of the Complaint are not addressed to this answering Defendant, and therefore no response is required of him.  In further response, this Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

11.     The allegations contained in Paragraph 11 of the Complaint are not addressed to this answering Defendant, and therefore no response is required of him.  In further response, this Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

12.     The allegations contained in Paragraph 12 of the Complaint are not addressed to this answering Defendant, and therefore no response is required of him.  In further response, this

3

Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

13.     The allegations contained in Paragraph 13 of the Complaint are not addressed to this answering Defendant, and therefore no response is required of him. In further response, this Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.

14.     The allegations contained in Paragraph 14 of the Complaint, including all subparts, are denied for lack of information or belief.

## WAIVERS OF IMMUNITY

15.     Defendant Rollins realleges and incorporates herein by reference his responses to Paragraphs 1 through 14 of the Complaint as if fully restated herein.

16.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore said allegations are denied for lack of information and belief.

17.     The allegations contained in Paragraph 17 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 17 of the Complaint are denied for lack of information and belief.

18.     The allegations contained in Paragraph 18 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 18 of the Complaint are denied for lack of information and belief.

19.     The allegations contained in Paragraph 19 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, the allegations contained in Paragraph 19 of the Complaint, including all subparts, are denied for lack of information and belief.

20.     The allegations contained in Paragraph 20 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, the allegations contained in Paragraph 20 of the Complaint are denied.

**FACTUAL ALLEGATIONS**

**SEPTEMBER 11, 2010 INJURY**

21.     Defendant Rollins realleges and incorporates herein by reference his responses to Paragraphs 1 through 20 of the Complaint as if fully restated herein.

22.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and therefore said allegations are denied.

23.     The allegations contained in Paragraph 23 of the Complaint are denied.

24.     The allegations contained in Paragraph 24 of the Complaint are denied.

25.     The allegations contained in Paragraph 25 of the Complaint are denied.  In further response to the allegations contained in Paragraph 25 of the Complaint, it is admitted that on the night of September 11, 2010, Defendant Rollins observed Plaintiff walking south on Glenwood Avenue and then proceeding eastbound on Tucker Street while carrying an alcoholic beverage ("beer").  It is also admitted that while walking eastbound on Tucker Street and after seeing Defendant Rollins, Plaintiff sat his beer down on the sidewalk.  It is also admitted that after observing Plaintiff put his beer down on the sidewalk, Defendant Rollins began to walk towards

5

the Plaintiff.  It is further admitted that Defendant Rollins stated to the Plaintiff that he had seen the Plaintiff sit his beer down.  It is also admitted that Defendant Rollins observed that Plaintiff appeared to be intoxicated.  It is further admitted that Plaintiff denied that the beer was his and began to use profanity directed at Defendant Rollins.

26.    It is admitted that depending on the time and specific location the area around Glenwood Avenue near in Raleigh, North Carolina, has an active nightlife and that there are several restaurants, bars, and nightclubs in that area of Raleigh, North Carolina.  Except as expressly admitted, the allegations contained in Paragraph 26 of the Complaint are denied.

27.    The allegations contained in Paragraph 27 of the Complaint are denied.  In further response to the allegations contained in Paragraph 27 of the Complaint is it admitted that on the night of September 11, 2010 that after Plaintiff had placed a beer down on the sidewalk on Tucker Street that Plaintiff denied that the beer was his and began to use profanity directed at Defendant Rollins.

28.    The allegations contained in Paragraph 28 of the Complaint are denied.  In further response to the allegations contained in Paragraph 28 of the Complaint, it is admitted that in response to Plaintiff's use of profanity and denial that the beer was his, Defendant Rollins stated to Plaintiff that the beer was his.  Defendant Rollins also stated to Plaintiff that Plaintiff was not telling the truth, that Plaintiff was using profanity, that Plaintiff was littering, that Plaintiff was drinking in public and that if Plaintiff continued to act that way he would be arrested.

29.    It is admitted that on the night of September 11, 2010, Defendant Rollins asked Plaintiff whether Plaintiff had any identification.  Except as admitted, the allegations contained in Paragraph 29 of the Complaint are denied.

30. In response to the allegations contained in Paragraph 30 of the Complaint, it is admitted that Plaintiff refused to provide identification to Defendant Rollins. The remaining allegations contained in Paragraph 30 of the Complaint are denied.

31. The allegations contained in Paragraph 31 of the Complaint are denied.

32. The allegations contained in Paragraph 32 of the Complaint are denied.

33. The allegations contained in Paragraph 33 of the Complaint are denied. In further response to the allegations contained in Paragraph 33 of the Complaint, it is admitted that on the night of September 11, 2010, Plaintiff used the word "fuck" as well as other profane language when speaking to, and yelling at, Defendant Rollins.

34. The allegations contained in Paragraph 34 of the Complaint are denied.

35. The allegations contained in Paragraph 35 of the Complaint are denied.

36. The allegations contained in Paragraph 36 of the Complaint are denied.

37. The allegations contained in Paragraph 37 of the Complaint are denied.

38. The allegations contained in Paragraph 38 of the Complaint constitute legal conclusions to which no response is required of this answering Defendant. To the extent that a response is deemed required, the allegations are denied.

39. The allegations contained in Paragraph 39 of the Complaint are denied as stated.

40. It is admitted that upon approaching Plaintiff on the night of September 11, 2010, Defendant recognized that Plaintiff had been consuming alcohol in public and was intoxicated. It is also admitted that when Defendant began interacting with Plaintiff, Plaintiff became angry, uncooperative, loud, profane, and confrontational. It is further admitted that probable cause to arrest Plaintiff existed and that Defendant notified Plaintiff that he was being placed under arrest. It is also admitted that when Defendant attempted to place Plaintiff under arrest that Plaintiff

7

physically resisted arrest and escalated his loud and profane tirade. It is further admitted that in order to overcome Plaintiff's unlawful physical resistance and to effect Plaintiff's arrest, Defendant used minimal and reasonable force in a manner consistent with all applicable law enforcement standards, federal law, and state law. Except as expressly admitted, the allegations contained in Paragraph 40 of the Complaint are denied.

41.    It is admitted that when Defendant began interacting with Plaintiff on the night of September 11, 2010, Plaintiff became angry, uncooperative, loud, profane, and confrontational. It is further admitted that when Defendant attempted to place Plaintiff under arrest that Plaintiff physically resisted arrest and escalated his loud and profane tirade. It is further admitted that in order to overcome Plaintiff's unlawful physical resistance and to effect Plaintiff's arrest, Defendant used minimal and reasonable force in a manner consistent with all applicable law enforcement standards, federal law, and state law. It is also admitted that in order to overcome Plaintiff's unlawful physical resistance and to effect Plaintiff's arrest, it was necessary for Defendant to use minimal and reasonable force to cause Plaintiff to lose his balance and lower Plaintiff to the ground. Except as expressly admitted, the allegations contained in Paragraph 41 of the Complaint are denied.

42.    The allegations contained in Paragraph 42 of the Complaint are denied upon information and belief.

43.    The allegations contained in Paragraph 43 of the Complaint are denied upon information and belief.

44.    It is admitted that while Plaintiff was on the ground, Plaintiff continued to physically resist efforts to place him in handcuffs. It is further admitted that Plaintiff's unlawful physical resistance was overcome using minimal and reasonable force consistent with all

applicable law enforcement standards, federal law, and state law. Except as expressly admitted, the allegations contained in Paragraph 44 of the Complaint are denied.

45.     It is admitted that after minimal and reasonable force was used to overcome Plaintiff's unlawful physical resistance, Plaintiff was on the ground with his wrists handcuffed behind his back. Except as expressly admitted the allegations contained in Paragraph 45 of the Complaint are denied.

46.     The allegations contained in Paragraph 46 of the Complaint are denied. In further response to the allegations contained in Paragraph 46 of the Complaint, it is admitted that while Defendant Rollins attempted to arrest Plaintiff on the night of September 11, 2011, that Plaintiff resisted arrest and used profanity directed at Defendant Rollins.

47.     It is admitted that Defendant Rollins is physically larger than Plaintiff. Defendant Rollins does not have sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 47 of the Complaint, and therefore said allegations are denied.

48.     It is admitted that Plaintiff was ordered to stand in order to enter a Raleigh Police Department vehicle for transportation to the Wake County Public Safety Center. Except as expressly admitted, the allegations contained in Paragraph 48 of the Complaint are denied.

49.     The allegations contained in Paragraph 49 of the Complaint are denied.

50.     The allegations contained in Paragraph 50 of the Complaint are denied.

51.     It is admitted that Plaintiff's uncooperative and combative conduct continued, and that Plaintiff's unlawful physical resistance was overcome using minimal reasonable force consistent with all applicable law enforcement standards, federal law, and state law. Except as expressly admitted, the allegations contained in Paragraph 51 of the Complaint are denied.

52.     The allegations contained in Paragraph 52 of the Complaint are denied.  It is expressly denied that on the night of September 11, 2010 that Plaintiff told Defendant Rollins that his leg was broken.

53.     It is admitted that Plaintiff stood by the Raleigh Police Department vehicle refusing to enter the vehicle, and that Plaintiff's unlawful physical resistance was overcome using minimal and reasonable force consistent with all applicable law enforcement standards, federal law and state law.  Except as expressly admitted, the allegations contained in Paragraph 53 of the Complaint are denied.

## SEPTEMBER 11, 2010 BOOKING

54.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint, and therefore said allegations are denied.

55.     The allegations contained in Paragraph 55 of the Complaint are admitted.

56.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint, and therefore said allegations are denied.

## SEPTEMBER 11-12, 2010 WAKE COUNTY DETENTION CENTER

57.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint, and therefore said allegations are denied.

58.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint, and therefore said allegations are denied.

59.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint, and therefore said allegations are denied.

60.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint, and therefore said allegations are denied.

61.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint, and therefore said allegations are denied.

62.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint, and therefore said allegations are denied.

63.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint, and therefore said allegations are denied.

64.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint, and therefore said allegations are denied.

65.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint, and therefore said allegations are denied.

66.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint, and therefore said allegations are denied.

67.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint, and therefore said allegations are denied.

## SUBSEQUENT MEDICAL CARE

68.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint, and therefore said allegations are denied.

69.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint, and therefore said allegations are denied.

70.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint, and therefore said allegations are denied.

71.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint, and therefore said allegations are denied.

72.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint, and therefore said allegations are denied.

73.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint, and therefore said allegations are denied.

74.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint, and therefore said allegations are denied.

75.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint, and therefore said allegations are denied.

76.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint, and therefore said allegations are denied.

77.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint, and therefore said allegations are denied.

78.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint, and therefore said allegations are denied.

79.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint, and therefore said allegations are denied.

**TRIAL**

80.     The allegations contained in Paragraph 80 of the Complaint are denied.

81.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint, and therefore said allegations are denied.

82.     The allegations contained in Paragraph 82 of the Complaint are admitted.

83.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint, and therefore said allegations are denied.

84.     The allegations contained in Paragraph 84 of the Complaint are denied.

85.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint, and therefore said allegations are denied.

86.     The allegations contained in Paragraph 86 of the Complaint constitute legal conclusions to which no response is required of this answering Defendant.  To the extent that a response is deemed required, the allegations are denied.

87.     The allegations contained in Paragraph 87 of the Complaint constitute legal conclusions to which no response is required of this answering Defendant.

**CLAIMS FOR RELIEF**
**STATE LAW CLAIMS**

**COUNT ONE: FALSE ARREST/ FALSE IMPRISONMENT**
**(ROLLINS IN HIS INDIVIDUAL CAPACITY)**

88.     Defendant Rollins realleges and incorporates herein by reference his responses to Paragraphs 1 through 87 of the Complaint as if fully restated herein.

89.     The allegations contained in Paragraph 89 of the Complaint constitute legal conclusions, to which no response is required of Defendant Rollins.   To the extent that a

14

response is deemed required, the allegations contained in Paragraph 89 of the Complaint are denied.

90.    It is admitted that Defendant arrested Plaintiff based on probable cause.  Except as expressly admitted, the allegations contained in Paragraph 90 of the Complaint are denied.

91.    The allegations contained in Paragraph 91 of the Complaint are denied.

92.    The allegations contained in Paragraph 92 of the Complaint are denied.

93.    The allegations contained in Paragraph 93 of the Complaint are denied.

94.    The allegations contained in Paragraph 94 of the Complaint are denied.

95.    The allegations contained in Paragraph 95 of the Complaint are denied.

96.    The allegations contained in Paragraph 96 of the Complaint are denied.

97.    The allegations contained in Paragraph 97 of the Complaint are denied.

## COUNT TWO: TRESPASS TO CHATTELS
### (ROLLINS IN HIS INDIVIDUAL CAPCITY)

98.    Defendant Rollins realleges and incorporates herein by reference his responses to Paragraphs 1 through 97 of the Complaint as if fully restated herein.

99.    The allegations contained in Paragraph 99 of the Complaint are denied.

100.    The allegations contained in Paragraph 100 of the Complaint are denied.

101.    The allegations contained in Paragraph 101 of the Complaint are denied.

102.    The allegations contained in Paragraph 102 of the Complaint are denied.

103.    The allegations contained in Paragraph 103 of the Complaint constitute legal conclusions, to which no response is required of Defendant Rollins.   To the extent that a response is deemed required, the allegations contained in Paragraph 103 of the Complaint are denied.

15

104.    The allegations contained in Paragraph 104 of the Complaint constitute legal conclusions, to which no response is required of Defendant Rollins.  To the extent that a response is deemed required, the allegations contained in Paragraph 104 of the Complaint are denied.

105.    The allegations contained in Paragraph 105 of the Complaint constitute legal conclusions, to which no response is required of Defendant Rollins.  To the extent that a response is deemed required, the allegations contained in Paragraph 105 of the Complaint are denied.

106.    The allegations contained in Paragraph 106 of the Complaint constitute legal conclusions, to which no response is required of Defendant Rollins.  To the extent that a response is deemed required, the allegations contained in Paragraph 106 of the Complaint are denied.

**COUNT THREE: BATTERY**
**(ROLLINS IN HIS INDIVIDUAL CAPACITY)**

107.    Defendant Rollins realleges and incorporates herein by reference his responses to Paragraphs 1 through 106 of the Complaint as if fully restated herein.

108.    It is admitted that Defendant arrested Plaintiff based on probable cause.  It is further admitted that Defendant used the minimal amount of force reasonably necessary to overcome Plaintiff's unlawful physical resistance and to accomplish Plaintiff's arrest.  Except as expressly admitted, the allegations contained in Paragraph 108 of the Complaint are denied.

109.    The allegations contained in Paragraph 109 of the Complaint are denied.

110.    The allegations contained in Paragraph 110 of the Complaint are denied.

111.    It is admitted that Plaintiff was arrested, handcuffed and placed into police custody on the night of September 11, 2010 pursuant to the standard practices and procedures of

the Raleigh Police Department. Except as expressly admitted, the allegations contained in Paragraph 111 of the Complaint are denied.

112.    The allegations contained in Paragraph 112 of the Complaint are denied.

113.    The allegations contained in Paragraph 113 of the Complaint are denied.

114.    The allegations contained in Paragraph 114 of the Complaint are denied.

**COUNT FOUR: MALICIOUS PROSECUTION**
**(ROLLINS IN HIS INDIVIDUAL CAPACITY)**

115.    Defendant Rollins realleges and incorporates herein by reference his responses to Paragraphs 1 through 114 of the Complaint as if fully restated herein.

116.    It is admitted that Defendant arrested Plaintiff based on probable cause.  Except as expressly admitted, the allegations contained in Paragraph 116 of the Complaint are denied.

117.    The allegations contained in Paragraph 117 of the Complaint are denied.

118.    The allegations contained in Paragraph 118 of the Complaint are denied.

119.    The allegations contained in Paragraph 119 of the Complaint are denied.

120.    It is admitted that Defendant arrested Plaintiff based on probable cause.  It is further admitted upon information and belief that none of the criminal charges against the Plaintiff as a result of his conduct on September 11, 2010 resulted in convictions.  Except as expressly admitted, the allegations contained in Paragraph 120 of the Complaint are denied.

121.    The allegations contained in Paragraph 121 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required to the allegations contained in Paragraph 121 of the Complaint, those allegations are denied.

122.    The allegations contained in Paragraph 122 of the Complaint are denied.

123.    The allegations contained in Paragraph 123 of the Complaint are denied.

## COUNT FIVE: FALSE IMPRISONMENT/FALSE ARREST
### (CITY)

124.     Defendant Rollins realleges and incorporates herein by reference his responses to Paragraphs 1 through 123 of the Complaint as if fully restated herein.

125.      The allegations contained in Paragraph 125 constitute conclusions or prayers for relief to which no responsive pleading is required.  To the extent that a response is deemed required, these allegations are denied.

126.     The allegations contained in Paragraph 126 of the Complaint are denied.

127.     It is admitted that Defendant arrested Plaintiff based on probable cause.  Except as expressly admitted, the allegations contained in Paragraph 127 of the Complaint are denied.

128.     The allegations contained in Paragraph 128 of the Complaint are denied.

129.     The allegations contained in Paragraph 129 of the Complaint are denied.

130.     The allegations contained in Paragraph 130 of the Complaint are denied.

131.     The allegations contained in Paragraph 131 of the Complaint are denied.

132.     The allegations contained in Paragraph 132 of the Complaint are denied.

133.     The allegations contained in Paragraph 133 of the Complaint are denied.

134.     The allegations contained in Paragraph 134 of the Complaint are denied.

## COUNT SIX: TRESPASS TO CHATTELS
### (CITY)

135.     Defendant Rollins realleges and incorporates herein by reference his responses to Paragraphs 1 through 134 of the Complaint as if fully restated herein.

136.     The allegations contained in Paragraph 136 constitute conclusions or prayers for relief to which no responsive pleading is required.  To the extent that a response is deemed required, these allegations are denied.

137.    The allegations contained in Paragraph 137 of the Complaint are denied.

138.    The allegations contained in Paragraph 138 of the Complaint are denied.

139.    The allegations contained in Paragraph 139 of the Complaint are denied.

140.    The allegations contained in Paragraph 140 of the Complaint are denied.

141.    The allegations contained in Paragraph 141 of the Complaint are denied.

142.    The allegations contained in Paragraph 142 of the Complaint are denied.

143.    The allegations contained in Paragraph 143 of the Complaint are denied.

### COUNT SEVEN: N.C. GEN. STAT. § 15A-401
### NEGLIGENT USE OF EXCESSIVE FORCE
### (CITY)

144.    Defendant Rollins realleges and incorporates herein by reference his responses to Paragraphs 1 through 143 of the Complaint as if fully restated herein.

145.    The allegations contained in Paragraph 145 constitute conclusions or prayers for relief to which no responsive pleading is required.  To the extent that a response is deemed required, these allegations are denied.

146.    The allegations contained in Paragraph 146 of the Complaint constitute legal conclusions to which no response is required of this answering Defendant.  To the extent that a response is deemed required, the allegations are denied.

147.    The allegations contained in Paragraph 147 of the Complaint constitute legal conclusions to which no response is required of this answering Defendant.  To the extent that a response is deemed required, the allegations are denied.

148.    The allegations contained in Paragraph 148 of the Complaint are denied.

149.    The allegations contained in Paragraph 149 of the Complaint are denied.

150.    The allegations contained in Paragraph 150 of the Complaint are denied.

## COUNT EIGHT: MALICIOUS PROSECUTION
### (CITY)

151.    Defendant Rollins realleges and incorporates herein by reference his responses to Paragraphs 1 through 150 of the Complaint as if fully restated herein.

152.    The allegations contained in Paragraph 152 constitute conclusions or prayers for relief to which no responsive pleading is required.  To the extent that a response is deemed required, these allegations are denied.

153.    The allegations contained in Paragraph 153 are denied.

154.    The allegations contained in Paragraph 154 are denied.

155.    The allegations contained in Paragraph 155 are denied.

156.    The allegations contained in Paragraph 156 are denied.

157.    It is admitted that Defendant arrested Plaintiff based on probable cause.  It is further admitted upon information and belief that none of the criminal charges against the Plaintiff as a result of his conduct on September 11, 2010 resulted in convictions.  Except as expressly admitted, the allegations contained in Paragraph 157 of the Complaint are denied.

158.    The allegations contained in Paragraph 158 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required to the allegations contained in Paragraph 158 of the Complaint, those allegations are denied.

159.    The allegations contained in Paragraph 159 are denied.

160.    The allegations contained in Paragraph 160 are denied.

## COUNT NINE: DIRECT CLAIMS UNDER NORTH CAROLINA'S CONSTITUTION
### (CITY)

161.    Defendant Rollins realleges and incorporates herein by reference his responses to Paragraphs 1 through 160 of the Complaint as if fully restated herein.

162.     The allegations contained in Paragraph 162 of the Complaint constitute legal conclusions to which no response is required of this answering Defendant.  To the extent that a response is deemed required, the allegations are denied.

163.     The allegations contained in Paragraph 163 of the Complaint constitute legal conclusions to which no response is required of this answering Defendant.  To the extent that a response is deemed required, the allegations are denied.

164.     The allegations contained in Paragraph 164 of the Complaint are denied.

165.     The allegations contained in Paragraph 165 of the Complaint are denied.

**COUNT TEN: N.C. GEN. STAT. § 162-55**
**INJURY TO PRISONER**
**(SHERIFF HARRISON, CARTER, AND SNELLING)**

166.     Defendant Rollins realleges and incorporates herein by reference his responses to Paragraphs 1 through 165 of the Complaint as if fully restated herein.

167.     It is admitted that Defendant arrested Plaintiff based on probable cause.  It is further admitted that Plaintiff was taken into custody and transported to the Wake County Public Safety Center where he was tendered into the custody of jail officers and staff.  Except as expressly admitted, the allegations contained in Paragraph 167 of the Complaint are denied.

168.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 168 of the Complaint, and therefore said allegations are denied.

169.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 169 of the Complaint, and therefore said allegations are denied.

170.    Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 170 of the Complaint, and therefore said allegations are denied.

171.    Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 171 of the Complaint, and therefore said allegations are denied.

172.    Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 172 of the Complaint, and therefore said allegations are denied.

## COUNT ELEVEN: NEGLIGENCE
### (SHERIFF HARRISON AND WAKE COUNTY)

173.    Defendant Rollins realleges and incorporates herein by reference his responses to Paragraphs 1 through 172 of the Complaint as if fully restated herein.

174.    These allegations are not addressed to this answering Defendant, and this answering Defendant has no duty to offer a responsive pleading to these allegations.  Further, this answering Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.  To the extent that a response is required, these allegations are denied.

175.    These allegations are not addressed to this answering Defendant, and this answering Defendant has no duty to offer a responsive pleading to these allegations.  Further, this answering Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations.  To the extent that a response is required, these allegations are denied.

176.    The allegations contained in Paragraph 176 of the Complaint constitute legal conclusions to which no response is required of this answering Defendant.  To the extent that a response is deemed required, the allegations are denied.

177. The allegations contained in Paragraph 177 of the Complaint constitute legal conclusions to which no response is required of this answering Defendant. To the extent that a response is deemed required, the allegations are denied.

178. The allegations contained in Paragraph 178 of the Complaint constitute legal conclusions to which no response is required of this answering Defendant. To the extent that a response is deemed required, the allegations are denied.

179. These allegations are not addressed to this answering Defendant, and this answering Defendant has no duty to offer a responsive pleading to these allegations. Further, this answering Defendant lacks information sufficient to form a belief as to the truth or falsity of these allegations. To the extent that a response is required, these allegations are denied.

180. The allegations contained in Paragraph 180 of the Complaint constitute legal conclusions to which no response is required of this answering Defendant. To the extent that a response is deemed required, the allegations are denied.

181. The allegations contained in Paragraph 181 of the Complaint constitute legal conclusions to which no response is required of this answering Defendant. To the extent that a response is deemed required, the allegations are denied.

182. The allegations contained in Paragraph 182 of the Complaint constitute legal conclusions to which no response is required of this answering Defendant. To the extent that a response is deemed required, the allegations are denied.

183. The allegations contained in Paragraph 183 of the Complaint constitute legal conclusions to which no response is required of this answering Defendant. To the extent that a response is deemed required, the allegations are denied.

184.     The allegations contained in Paragraph 184 of the Complaint constitute legal conclusions to which no response is required of this answering Defendant.  To the extent that a response is deemed required, the allegations are denied.

**COUNT TWELVE: N.C. GEN. STAT. § 58-76-5**
**NEGLECT, MISCONDUCT, OR MISBEHAVIOR IN OFFICE, ACTION ON SURETY BOND**
**(SHERIFF HARRISON AND SURETY)**

185.     Defendant Rollins realleges and incorporates herein by reference his responses to Paragraphs 1 through 184 of the Complaint as if fully restated herein.

186.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 186 of the Complaint, and therefore said allegations are denied.

187.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 187 of the Complaint, and therefore said allegations are denied.

188.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 188 of the Complaint, and therefore said allegations are denied.

189.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 189 of the Complaint, and therefore said allegations are denied.

190.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 190 of the Complaint, and therefore said allegations are denied.

## COUNT THIRTEEN: DIRECT CLAIMS UNDER NORTH CAROLINA'S CONSTITUTION
### (WAKE COUNTY)

191.     Defendant Rollins realleges and incorporates herein by reference his responses to Paragraphs 1 through 190 of the Complaint as if fully restated herein.

192.     Defendant Rollins admits that Plaintiff purports to plead his alleged claims under North Carolina's Constitution against Defendant Wake County alternatively.  Except as admitted herein, the Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 192 and therefore denies them.

193.      The allegations contained in Paragraph 193 of the Complaint constitute legal conclusions to which no response is required of this answering Defendant.  To the extent that a response is deemed required, the allegations are denied.

194.     The allegations contained in Paragraph 194 of the Complaint constitute legal conclusions to which no response is required of this answering Defendant.  To the extent that a response is deemed required, the allegations are denied.

195.     The allegations contained in Paragraph 195 of the Complaint constitute legal conclusions to which no response is required of this answering Defendant.  To the extent that a response is deemed required, the allegations are denied.

196.     The allegations contained in Paragraph 196 of the Complaint constitute legal conclusions to which no response is required of this answering Defendant.  To the extent that a response is deemed required, the allegations are denied.

197.     The allegations contained in Paragraph 197 of the Complaint constitute legal conclusions to which no response is required of this answering Defendant.  To the extent that a response is deemed required, the allegations are denied.

## FEDERAL CLAIMS

### COUNT FOURTEEN: 42 U.S.C. § 1983/ FIRST & FOURTEENTH AMENDMENTS
### RETALIATION FOR ENGAGING IN PROTECTED SPEECH
### (ROLLINS IN HIS INDIVIDUAL CAPACITY)

198.    Defendant Rollins realleges and incorporates herein by reference his responses to Paragraphs 1 through 197 of the Complaint as if fully restated herein.

199.    The allegations contained in Paragraph 199 of the Complaint are denied.

200.    The allegations contained in Paragraph 200 of the Complaint are denied.

201.    The allegations contained in Paragraph 201 of the Complaint are denied.

202.    The allegations contained in Paragraph 202 of the Complaint are denied.

203.    The allegations contained in Paragraph 203 of the Complaint are denied.

204.    The allegations contained in Paragraph 204 of the Complaint are denied.

205.    This Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 205 and therefore denies them.

206.    The allegations contained in Paragraph 206 of the Complaint are denied.

### COUNT FIFTEEN: 42 U.S.C. § 1983/ FOURTH & FOURTEENTH AMENDMENTS:
### EXCESSIVE FORCE DURING ARREST; ARREST WITHOUT PROBABLE CAUSE;
### UNLAWFUL DETENTION; AND UNLAWFUL INITIATION OF CRIMINAL
### PROCEEDINGS
### (ROLLINS IN HIS INDIVIDUAL CAPACITY)

207.    Defendant Rollins realleges and incorporates herein by reference his responses to Paragraphs 1 through 206 of the Complaint as if fully restated herein.

208.    The allegations contained in Paragraph 208 of the Complaint, including all subparts, are denied.

209.    The allegations contained in Paragraph 209 of the Complaint are denied.

210.    The allegations contained in Paragraph 210 of the Complaint are denied.

211.    This Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 211 and therefore denies them.

212.    The allegations contained in Paragraph 212 of the Complaint are denied.

**COUNT SIXTEEN: 42 U.S.C. § 1983/ FOURTEENTH AMENDMENT**
**INTENTIONAL AND UNWARRANTED PUNISHMENT AGAINST A PRETRIAL**
**DETAINEE**
**(CARTER AND SNELLING IN THEIR INDIVIDUAL CAPACITIES)**

213.    Defendant Rollins realleges and incorporates herein by reference his responses to Paragraphs 1 through 212 of the Complaint as if fully restated herein.

214.    Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 214 of the Complaint, and therefore said allegations are denied.

215.    Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 215 of the Complaint, and therefore said allegations are denied.

216.    Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 216 of the Complaint, and therefore said allegations are denied.

217.    Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 217 of the Complaint, and therefore said allegations are denied.

218.    Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 218 of the Complaint, and therefore said allegations are denied.

219.    Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 219 of the Complaint, and therefore said allegations are denied.

220.    This Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 220 and therefore denies them.

221.    Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 221 of the Complaint, and therefore said allegations are denied.

**COUNT SEVENTEEN: 42 U.S.C. § 1983/ FOURTEENTH AMENDMENT**
**DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED**
**(CARTER AND SNELLING IN THEIR INDIVIDUAL CAPACITIES)**

222.    Defendant Rollins realleges and incorporates herein by reference his responses to Paragraphs 1 through 221 of the Complaint as if fully restated herein.

223.    Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 223 of the Complaint, and therefore said allegations are denied.

224.    Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 224 of the Complaint, and therefore said allegations are denied.

225.    Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 225 of the Complaint, and therefore said allegations are denied.

226.    This Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 226 and therefore denies them.

28

227.     Defendant Rollins does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 227 of the Complaint, and therefore said allegations are denied.

## DAMAGES

228.     Defendant Rollins realleges and incorporates herein by reference his responses to Paragraphs 1 through 227 of the Complaint as if fully restated herein.

229.     The allegations contained in Paragraph 229 of the Complaint are denied.

230.     The allegations contained in Paragraph 230 of the Complaint are denied.

231.     The allegations contained in Paragraph 231 of the Complaint are denied.

232.     The allegations contained in Paragraph 232 of the Complaint are denied.

233.     The allegations contained in Paragraph 233 of the Complaint are denied.

234.     The allegations contained in Paragraph 234 of the Complaint are denied.

ALL OF THE REMAINING ALLEGATIONS OF PLAINTIFF'S COMPLAINT NOT EXPRESSLY ADMITTED HEREIN, INCLUDING BUT NOT LIMITED TO PLAINTIFF'S PRAYER FOR RELIEF, ARE DENIED.

## SECOND DEFENSE

Defendant Rollins was legally justified in seeking to effect the arrest of Plaintiff pursuant to N.C. Gen. Stat. § 15A-401, which allows the use of force under the circumstances which existed at the time.  N.C. Gen. Stat. § 15A-401, and Defendant Rollins's compliance therewith, is pled as a defense in bar of Plaintiff's right to recover damages in this case.

## THIRD DEFENSE

Defendant Rollins alleges that at all times relevant to this action, he was acting as an agent of the City of Raleigh, and that he acted without malice and in the good faith belief that his duties were carried out in accordance with the laws and Constitution of the United States and North Carolina, and is therefore protected by the doctrine of qualified immunity as to Plaintiff's claims.

## FOURTH DEFENSE

Defendant Rollins was acting at all relevant times in the course and scope of his duties as a sworn law enforcement officer, engaging in discretionary and governmental functions, and he is entitled to all immunities applicable to a public officer or official, including but not limited to the common law defense of good faith and public official's immunity.

## FIFTH DEFENSE

Defendant Rollins pleads all applicable immunities to which he is entitled by operation of law in bar of Plaintiff's claims.

## SIXTH DEFENSE

Defendant Rollins' conduct was privileged; therefore Plaintiff is barred from any recovery.

## SEVENTH DEFENSE

At the time of the incident, Defendant Rollins had a reasonable belief that his conduct was appropriate under the circumstances, and thus Plaintiff is barred from any recovery.

## EIGHTH DEFENSE

At all times referred to in the Complaint, Defendant Rollin's alleged conduct was a necessity under the circumstances then existing and created by Plaintiff and his actions, and necessity is plead in bar of any right which Plaintiff might otherwise have to recover herein.

30

## NINTH DEFENSE

As a further affirmative defense, Defendant Rollins states that the actions of Plaintiff himself caused any injuries or damages he may have sustained, and that Plaintiff failed to prevent and/or mitigate his own damages in that he specifically ignored and defied lawful instructions given by Defendant Rollins to cease and desist, that Plaintiff physically resisted a lawful arrest conducted by law enforcement officers who were at all times acting lawfully and with authority. Defendant Rollins asserts that these acts on the part of Plaintiff were a direct and proximate cause of any injuries or damages allegedly sustained by Plaintiff, and are specifically pled as the cause of Plaintiff's alleged injuries and damages and are further specifically pleaded as a failure by Plaintiff to avoid and/or mitigate damages in bar of any right which Plaintiff might otherwise have to recover in this action.

## TENTH DEFENSE

Plaintiff willfully and knowingly engaged in misconduct, which was a direct and proximate cause of any injuries he may have sustained, and is therefore barred from any recovery in this action.

## ELEVENTH DEFENSE

Plaintiff willfully and intentionally engaged in misconduct designed to provoke the alleged incident. This provocation is pled as an affirmative defense in bar of Plaintiff's recovery, if any, in this action.

## TWELFTH DEFENSE

As a further affirmative defense, to the extent that the Complaint contains common law claims against the Defendant arising in connection with the Defendant's performance of law enforcement functions and to the extent that this Defendant was negligent or grossly negligent, and such negligence was the proximate cause of any injury to Plaintiff, which is specifically

31

denied, then the Plaintiff by his own negligence and gross negligence contributed to the injuries and damages described in the Complaint in the following particulars:

    a.    The Plaintiff deliberately and intentionally engaged in criminal conduct in the presence of one or more law enforcement officers;

    b.    The Plaintiff deliberately and intentionally refused to comply with the reasonable and lawful commands of one or more law enforcement officers when compliance would have avoided the need to arrest Plaintiff or use force to effect the arrest;

    c.    The Plaintiff refused to submit to a lawful arrest;

    d.    The Plaintiff unlawfully resisted, delayed, and obstructed one or more law enforcement officers in the performance of their duties;

    e.    The Plaintiff deliberately and intentionally engaged in verbal and physical conduct of an unreasonable, aggressive, confrontational, and uncooperative nature which necessitated the use of reasonable force to overcome Plaintiff's resistance and to effect Plaintiff's arrest;

    f.    The Plaintiff's unreasonable, aggressive, confrontational, and uncooperative conduct necessitated escalation in the use of force to effect the arrest; and

    g.    The Plaintiff was negligent and/or grossly negligent in other ways that will be shown through discovery and at trial.

Plaintiff's own negligence and/or gross negligence proximately caused and contributed to the damages or losses that Plaintiff seeks from the Defendant and is specifically pled in bar of any right to recover in this action.

## THIRTEENTH DEFENSE

Plaintiff's claim for punitive damages is barred, in whole or in part, by the limitations on punitive damages set out in Chapter 1D of the North Carolina General Statutes. Further, Defendant Rollins moves for a bifurcated trial pursuant to N.C. Gen. Stat. § 1D-30.

## FOURTEENTH DEFENSE

As an additional defense to Plaintiff's claim for punitive damages, Defendant Rollins asserts and pleads that even if Defendant Rollins was grossly in violation of public policy and in

disregard to Plaintiff's rights (which is again specifically denied), the imposition of punitive damages without meaningful standards defining the conduct justifying the imposition of such damages would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and comparable provisions of the North Carolina Constitution. Also, the imposition of punitive damages under current procedures would violate both of these Constitutional provisions because current procedures regarding the imposition of punitive damages do not include safeguards constitutionally required to accompany the exaction of a penalty.

**FIFTEENTH DEFENSE**
**(FRCP 12(b)(6))**

Plaintiff's Amended Complaint fails to state, in whole or in part, a claim against Defendant Rollins upon which relief may be granted.

**SIXTEENTH DEFENSE**

As a further affirmative defense, to the extent that the Complaint contains federal or common law claims against the Defendant arising in connection with the Defendant's performance of law enforcement functions, no act or actionable omission by the Defendant was a proximate cause of any of the alleged violations or damages Plaintiff seeks to recover.

**SEVENTEENTH DEFENSE**

As a further affirmative defense, to the extent that the Complaint contains federal or common law claims against the Defendant arising in connection with the Defendant's performance of law enforcement functions, and to the extent that Plaintiff suffered physical, emotional, mental, or psychological injury during the events alleged in the Complaint, which is specifically denied, upon information and belief, Plaintiff suffers from pre-existing conditions or impairments which are unique to him and cause him to have greater susceptibility to injury than

33

any reasonable person could have foreseen. This Defendant did not have knowledge of nor could he have reasonably foreseen Plaintiff's peculiar susceptibility for injury, and this Defendant did not engage in any conduct which would have caused injury to a person of ordinary susceptibility. Therefore, Plaintiff's unforeseeable peculiar susceptibility is pled in bar of any recovery in this action.

## EIGHTEENTH DEFENSE

As a further affirmative defense, to the extent that the Complaint contains federal or common law claims against the Defendant arising in connection with the Defendant's performance of law enforcement functions, Plaintiff's claims are barred by Plaintiff's unclean hands.

## NINETEENTH DEFENSE

In defense of Plaintiff's claim(s) of false arrest, false imprisonment, or malicious prosecution, the Defendant pleads that probable cause, and/or reasonable cause, existed to believe that Plaintiff had engaged in the wrongful conduct as charged.

## TWENTIETH DEFENSE
### (FRCP 12(b)(1))

Defendant pleads lack of jurisdiction over all or part of the subject matter in bar of Plaintiff's Complaint.

## ADDITIONAL DEFENSES

Defendant Rollins reserves the right to amend his Answer and assert additional affirmative defenses as the claims of Plaintiff are more fully disclosed during the course of this litigation.

WHEREFORE, having answered each and every allegation contained in the Plaintiff's Second Amended Complaint, Defendant Rollins prays the Court as follows:

34

1.      That the costs of this action, including, but not limited to reasonable attorney's fees, be taxed against the Plaintiff;

2.      Defendant Rollins requests a trial by jury; and

3.      That the Court grant Defendant Rollins such other and further relief as it deems just and proper.

Respectfully submitted, this the 19th day of December, 2011.

JACKSON LEWIS, LLP

BY:     /s/ Patricia L. Holland
        PATRICIA L. HOLLAND
        N. C. State Bar No.  8816
        PAUL S. HOLSCHER
        N. C. State Bar No. 33991
        *Attorneys for Defendant James D. Rollins*
        1400 Crescent Green Drive, Suite 215
        Cary, NC 27518
        Telephone: (919) 854-0044
        Facsimile:  (919) 854-0908
        Email:  patricia.holland@jacksonlewis.com
        Email:  paul.holscher@jacksonlewis.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**
**CIVIL ACTION NO. 5:11-CV-00457-FL**

| | |
|---|---|
| LYNWOOD EARL ARTIS, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| THE CITY OF RALEIGH; Officer JAMES | ) |
| D. ROLLINS of the Raleigh Police | ) |
| Department in his individual capacity; | )     **CERTIFICATE OF SERVICE** |
| SHERIFF DONNIE HARRISON; EDWARD | ) |
| CARTER and JOSEPH SNELLING, Wake | ) |
| County Sheriff's Deputies, Officers and/or | ) |
| Jailers in their individual capacities; THE | ) |
| OHIO CASUALTY INSURANCE | ) |
| COMPANY, as surety; and WAKE | ) |
| COUNTY; | ) |
| Defendants. | |

I hereby certify that on December 19ᵗʰ, 2011, I electronically filed the foregoing *ANSWER OF DEFENDANT JAMES D. ROLLINS* TO *PLAINTIFF'S SECOND AMENDED COMPLAINT* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorneys for said parties as follows:

    Gregory M. Kash, Esq. (gregkash@mindspring.com)
    Eric L. Doggett, Esq. (eric@doggettlawoffices.com)
    J. Nicholas Ellis, Esq. (jnellis@poyners.com)
    John A. Maxfield, Esq. (jmaxfield@co.wake.nc.us)
    Roger A. Askew, Esq. (roger.askew@wakegov.com)
    Hunt K. Choi, Esq. (hunt.choi@raleighnc.gov)
    Billy J. Strickland, II, Esq. (Billy@StricklandLawNC.com)

                    JACKSON LEWIS, LLP
                BY:    */s/ Patricia L. Holland*
                      PATRICIA L. HOLLAND
                      N.C. State Bar No.  8816
                      PAUL S. HOLSCHER
                      N. C. State Bar No. 33991
                      *Attorneys for Defendant James D. Rollins*
                      1400 Crescent Green Drive, Suite 215
                      Cary, NC 27518
                      Telephone: (919) 854-0044
                      Facsimile:  (919) 854-0908
                      Email:  patricia.holland@jacksonlewis.com
                      Email:  paul.holscher@jacksonlewis.com

4814-1647-5406, v. 1

36